**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TOWNE PLACE CONDOMINIUM ASSOCIATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **No. 17 C 1561** |
| **v.** | ) ) | |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** | ) ) ) | **Magistrate Judge Jeffrey Cole** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The parties in this insurance coverage case, who are also counsel in the case before Judge Feinerman, 17 C 1995, have a dispute about the discoverability of a very substantial number of emails. The parties have agreed that the ruling here is applicable to both cases.

The defendant's position is that its claim of privilege under the attorney-client (or in some instances, work product) privilege insulates the objected to documents from discovery. The plaintiff, with equal vigor, questions the assertion of privilege. The controversy initially resulted from the manner in which the defendant's privilege log was prepared: there were a number of instances in which the author or the recipient, or both, of the withheld document was not revealed on the log, thereby making meaningful review of the claim of privilege impossible. *See Crom, LLC v. Preload, LLC,* 2017 WL 2408126, at *1 (N.D. Fla. 2017)*; MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584 (S.D. Fla. 2013). The defendant claims to have cured those deficiencies through updated privilege logs.

1

Inadequate privilege logs are a recurring and significant problem in federal litigation. *See e.g.*, *United States ex rel. McGee v. IBM Corp.*, 2017 WL 1232616, at *2 (N.D. Ill. 2017); *Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. 2014); *Baxter Travenol Laboratories, Inc. v. Abbott Laboratories*, 1987 WL 12919, *1 n. 1 (N.D.Ill. 1987)("Baxter failed to identify or justify a claim of privilege in many instances and identified each document in such summary fashion that hundreds of hours have been required to evaluate Baxter's claims."). And privilege can be almost as vexing as the litigation itself. *See e.g.,Vioxx Prod. Liab. Litig. Steering Comm. v. Merck & Co., Inc.*, 2006 WL 1726675, at *2 (5th Cir.2006)(the"district judge undertook the herculean task of personally reviewing 30,000 documents over a two-week period.").

Under Rule 34 of the Federal Rules of Civil Procedure, a party generally has 30 days to respond to a document request, including the production of a privilege log. Compliance with the requirements of Rule 26(b)(5)(A) is not optional, *Cormack v. United States*, 118 Fed. Cl. 39, 42–43 (2014), and noncompliance can, in the discretion of the court, have serious consequences, including a finding that the claim of privilege has been waived or forfeited. *See Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005); *Kannaday v. Ball*, 292 F.R.D. 640, 647 (D. Kan. 2013).

However, most courts are reluctant to find a claimed privilege is automatically waived if a log is not filed within this time frame. *See Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1147-1149. And many have held that a court must make a "case-by-case determination" of whether privilege should be deemed waived: they have required a "holistic" reasonableness analysis, intended to forestall needless waste of judicial time and resources, as well as tactical manipulation of the rules

and the discovery process. *See Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990); *In re Subpoena to Produce Documents of Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley*, 2014 WL 3784112, at *3 (N.D. Cal. 2014).

Yet the attorney-client or work product privilege claim can be so insubstantial and obstructive without an appropriate basis that to sustain it would trivialize the privileges themselves. *Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper*, 236 F.R.D. 16, 21 (D.D.C. 2006). In the end, reliance must be placed on the good faith and skill of counsel, coupled with adherence to the rule requiring the privilege logs be crafted in such a way that at least an initial review will be informative and thus yield meaningful results.

We begin with the general principles applicable to the attorney-client privilege and the work product doctrine as they have long been articulated and applied in cases throughout the Nation.

## A.

## THE ATTORNEY-CLIENT PRIVILEGE

The attorney-client privilege is the oldest of the recognized privileges for confidential communications known to the common law. *United States v. Jicarilla Apache Nation*, 64 U.S. 162 (2011); *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996); *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). Deeply rooted in public policy, *In re Ford Motor Co.*, 110 F.3d 954, 966 (3d Cir.1997), and playing a "vital role" in the administration of justice, *American Nat. Bank and Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878 (7th Cir.2005), it remains a carefully guarded privilege. *See Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998). The privilege's central concern – and its ultimate justification – is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and

the administration of justice. Without that frankness, sound legal advice is impossible, and without informed advice, the ultimate goal of the attorney-client privilege is unattainable. *Upjohn*, 449 U.S. at 389.

The privilege extends to confidential communications between counsel and his or her client "[w]here legal advice of any kind is sought ... from a professional legal advisor in his capacity as such." *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir.2000). *See also United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir.1997). The question is whether the "primary" or "predominant purpose" of the communication is to render or solicit legal advice. *See E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017); *In re City of Erie*, 473 F.3d 413, 420 (2nd Cir. 2007); *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984); *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 2017 WL 4227026, at *10 (S.D. Cal. 2017); *Dansko Holdings, Inc. v. Benefit Tr. Co.*, 2017 WL 5593321, at *7 (E.D. Pa. 2017); *Koumoulis v. Independent Financial Marketing Group, Inc.*, 295 F.R.D. 28, 45-46 (E.D.N.Y. 2013); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 482 (E.D. Pa. 2005).

Thus, the status of the drafter of the supposedly privileged document is not decisive on the question of whether the document is protected. It is for that reason that progress or status reports, investigation summaries, and general updates are generally not privileged merely because they were written by a lawyer to the client. *See Koumoulis*, 295 F.R.D. at 45-46; *A & R Body Specialty & Collision Works, Inc. v. Progressive Casualty Ins. Co.*, 213 WL 6044342 at *3 (D. Conn. 2013); *Navarrete v. Gov't Employee Ins. Co.*, 2010 WL 11558228, at *22 (S.D. Fla. 2010); *Wolf Creek Ski Corp. v. Leavell-McCombs Joint Venture*, 2006 WL 1119031, at *2 (D. Colo. 2006); *In Re Sealed Case*, 737 F.2d 94 (D.C.Cir.1984)("The letter summarizes statements made by third persons to the

partnership's attorney, and neither reveals any confidences of the client (the partnership) nor suggests a legal opinion."); *United States v. Bonnell*, 483 F. Supp. 1070, 1077 (D. Minn. 1979)("the questioned document does not reveal communications from Cargill to Levine. The document is rather a summary of a meeting attended by third parties.').[1]

The same is true of correspondence that merely notifies someone of scheduling matters, *SmithKline Beecham Corp.*, 232 F.R.D. at 482, or which updates the recipient. The latter do not seek or disclose legal advice and thus, are not protected by the attorney-client privilege. *Loguidice v. McTiernan*, 2016 WL 4487779, at *16 (N.D.N.Y. 2016). The same is true of routine communications between the attorneys and the claims handlers relating to scheduling and other innocuous status updates. The rule of exclusion also applies to work product claims. *Smith v. Scottsdale Ins. Co.*, 40 F. Supp. 3d 704, 727 (N.D.W. Va. 2014).[2]

Here, as in most jurisdictions, a claim of privilege generally "must be made and sustained on a question-by-question or document-by-document basis."*United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991). *Accord, Heriot v. Byrne*, 257 F.R.D. 645, 667 (N.D. Ill. 2009). *Cf., Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878 (7th Cir. 2005). *But see In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d 789, 815 (E.D. La. 2007)(recognizing that sampling may be an appropriate technique under certain circumstances). The privilege, like all

---

[1] The district court analogized the situation to that in *United States v. Brown*, 478 F.2d 1038 (7th Cir. 1973). There an attorney composed a memorandum summarizing a meeting attended by the attorney, an aide to the client, and an associate with a large accounting firm. The Seventh Circuit held the document was not privileged.

[2] Courts have held that where an update is provided to an attorney in order to secure legal advice, the attorney client privilege applies. *In re Buspirone Antitrust Litig.*, 211 F.R.D. 249, 255 (S.D.N.Y. 2002). This and like cases are not contrary to the above discussion for they look to the purpose for which the materials were provided to counsel. So long as legal advice is being sought, the disclosure is properly protected.

testimonial privileges and all exclusionary rules, comes at a price. Since it makes the search for truth more difficult by preventing disclosure of what is often exceedingly relevant information, the privilege "contravene[s] the fundamental principle that 'the public ... has a right to every man's evidence,'" and is therefore strictly construed. *University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 189 (1990). *See also Pierce County, Wash. v. Guillen,* 537 U.S. 129, 144–145 (2003); *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir.1983); *Radiant Burners, Inc. v. Am. Gas Ass'n,* 320 F.2d 314, 323 (7th Cir. 1963). The privilege is limited to those instances where it is necessary to achieve its purposes. *Fisher v. United States*, 425 U.S. 391, 403 (1976); *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007).

Whether the privilege exists is a fact intensive inquiry, *In re Grand Jury Proceedings,* 220 F.3d 568, 571 (7th Cir. 2000), and cannot be solved by simply looking to the identity of the sender or recipient of a communication. *See In re: Subpoena Upon Nejame Law PA*, 2016 WL 3125055 at *3 (N.D.Ill. 2016). The burden of proof is always on the party claiming privilege. *Shaffer v. AMA*, 662 F.3d 439, 446 (7th Cir. 2011). Thus, the lawyer-client relationship, itself, "does not create 'a cloak of protection which is draped around all occurrences and conversations which have any bearing, direct or indirect, upon the relationship of the attorney with his client.'" *In re Walsh,* 623 F.2d 489, 494 (7th Cir.1980). *See also Burden-Meeks v. Welch,* 319 F.3d 897, 899 (7th Cir.2003). Consequently, not all communications between an attorney and client are privileged. Information such as the identity of the client, the amount of the fee, the identification of payment by case file name, the general purpose of the work performed, and whether an attorney coached a client in his testimony is not privileged. *Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, 2013 WL 4499006, at *4 (D. Nev. 2013). Merely communicating with a lawyer or copying a lawyer on an

otherwise non-privileged communication, will not transform the non-privileged communication or attachment into a privileged one, even if the otherwise non-privileged communication was at the behest of the lawyer. *See Bell Microproducts, Inc. v. Relational Funding Corp.,* 2002 WL 31133195, at *1 (N.D.Ill.2002)(instruction from an attorney to employees to copy him as a recipient on any emails or documents in order to assure attorney-client privilege was not by itself enough to make the document privileged).

Thus, "'[c]ommunications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence.'" *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008). *See also United States v. Leonard-Allen*, 739 F.3d 948, 952–53 (7th Cir. 2013). Thus, communications from a lawyer are not necessarily covered by a privilege where the lawyer is not performing a legal function. *See* the lengthy discussion in *Slaven v. Great American Ins. Co.*, 83 F.Supp.3d 789, 793-94 (N.D.Ill. 2015).[3] In the instant case, it would appear that virtually any document that came from the defendant's lawyer or was sent to her by the defendant was deemed to be privileged by the defendant. That decision was improvident.

---

[3] The privilege inquiry is not always an easy one and is often time-consuming. *See* discussion in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759 (D.C. Cir. 2014); *United States ex rel. McGee v. IBM Corp.*, 2017 WL 1232616, at *1 (N.D. Ill. 2017)(thousands of documents withheld, requiring appointment of special master); *In re Vioxx Prod. Liab. Litig.*, 501 F. Supp. 2d at 815 (court recognized that sampling may be an appropriate technique where volume of claimed privilege is unwieldly);*Dornoch Holdings Int'l, LLC v. ConAgra Foods Lamb Weston, Inc.*, 2013 WL 2384235, at *1 (D. Idaho, 2013)(sampling and special master). In the context of insurance claims, claims of privilege continue to appear and can be cumbersome. *Cincinnati Ins. Co. v. Harry Johnson Plumbing & Excavating Co.*, 2017 WL 3026929, at *5 (E.D. Wash. 2017).

But many questions in modern litigation are difficult and often quite complicated. *See e.g.*, *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771 (7th Cir. 2017). Thus, the inquiry into purpose ought not be discarded in favor of a *sub silentio* preference for a finding of privilege – or a finding of no privilege – merely because the privilege inquiry is difficult.

"Knowing disclosure to a third party almost invariably surrenders the privilege, *In re Pebsworth*, 705 F.2d 261, 263 (7th Cir.1983), and as a general rule, statements made to one's attorney in the presence of a third person are not within the scope of the attorney-client privilege. *Jenkins*, 487 F.3d at 490; *Evans*, 113 F.3d at 1462. This is so despite the client's subjective intention not to waive the privilege. *Jenkins*, 487 F.3d at 490; 8 Wigmore, Evidence § 2327. *See generally United States ex rel. McGee v. IBM*, 2017 WL 1232616 (N.D. Ill. 2017).

For the attorney-client privilege to apply to a communication it must have been made in confidence, in the connection with the provision of legal services, to or by an attorney, and in the context of an established or attempted attorney-client relationship, *United States v. Bey*, 772 F.3d 1099, 1101 (7th Cir. 2014); *United States v. BDO Seidman, LLP,* 492 F.3d 806, 815 (7th Cir.2007). *United States v. (Under Seal)*, 748 F.2d 871, 874–75 (4th Cir. 1984), or one that is sought to be made by the parties. Communications will be protected if they rest on or would reveal confidential information obtained from the client or given to the client. *Rehling,* 207 F.3d at 1019; *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir.1990). And simply copying a lawyer on an otherwise non-privileged communication or turning it over to one's lawyer will not transform the non-privileged document into a privileged one. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 300 (5th Cir. 2010)*; McCullough v. Fraternal Order of Police, Chicago Lodge 7,* 304 F.R.D. 232, 237 (N.D.Ill.2014). *See also Radiant Burners, Inc. v. American Gas Ass'n,* 320 F.2d 314, 324 (7th Cir.1963). *See Northern Valley Communications, L.L.C. v. Qwest Communications Corp.,* 2010 WL 3672233, *4 (D.S.D.2010).

In addition to protecting certain communications from the client to the attorney, communications from the attorney to the client may be privileged, but only if they constitute legal

advice or would reveal the substance of a client confidence—directly or indirectly. *United States v. Leonard-Allen*, 739 F.3d 948, 952–53 (7th Cir. 2013); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008); *United States v. Defazio*, 899 F.2d 626, 635 (7th Cir.1990); *United States v. (Under Seal),* 748 F.2d 871, 874 (4th Cir. 1984); *Koumoulis*, 295 F.R.D. at 45-46; *Vill. of Rosemont v. Priceline.com Inc.*, 2010 WL 4876217, at *3 (N.D. Ill. 2010)*; Jones v. Murphy*, 2009 WL 604937 at *1 (D.Md. 2009). *Cf. Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 213 F.R.D. 528, 531 (N.D.Ill. 2003).[4]

A general concern for protecting "confidentiality" should not, result in the application of the attorney-client privilege or the recognition of the privilege when wrongfully claimed. Thus, simply labeling a document "confidential" or "privileged" will not result in the document being protected from disclosure by the attorney-client privilege. Throughout the law, it is beyond debate that labels do not control; substance does. *Colorado Republican Fed. Campaign Comm. v. Fed. Election Comm'n*, 518 U.S. 604, 622 (1996); *Mordi v. Ziegler,* 870 F.3d 703, 708 (7th Cir. 2017); *Rebirth Christian Academy Day Care, Inc. v. Brizzi* , 835 F.3d 742 (7th Cir. 2016); *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 637 (7th Cir. 2011). Questions relating to the attorney-

---

[4] In *Bell Microproducts, Inc. v. Relational Funding Corp.*, 2002 WL 31133195 (N.D.Ill.2002) instructions from an attorney to employees to copy him as a recipient on any emails or documents in order to trigger the attorney-client privilege was not enough to make the document privileged). As Judge Shadur explained:

> But the mere presence of a lawyer's name at the top or bottom of a document is *not* the bell that causes the dog named Privilege to salivate. What is entitled to protection is really limited to the communication of confidences from client to lawyer, whether any such confidences (or sometimes the fact that confidences have been communicated) is disclosed in a client-authored document or a lawyer-authored response.

(Emphasis in original).

If the result were otherwise, clients and lawyers could have all relevant documents sent to their counsel initially or as attachments to emails and then refuse to honor a single Rule 34 request.

client privilege are not an exception to this basic principle. *Perry v. Jeep Eagle Corp.*,1989 WL 118750, at *6 (S.D. Ind.1989)*; Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.*, 213 F.R.D. 422, 430 (D. Kan. 2003). Thus, a party's partisan designation of a document is, in and of itself, inadequate to create a viable claim of privilege. *See Great Plains Ventures, Inc. v. Liberty Mutual Fire Ins. Co.*, 215 WL 404977, at *6 (D.Kan. 2015). The unfortunate reality is that "[l]abels such as 'Attorney Client Privilege' and 'Attorney Work Product' are overused on documents that do not truly qualify for protection." *Employer's Reinsurance Corp.*, 213 F.R.D. at 430.

## B.

## THE WORK PRODUCT DOCTRINE

We come then to the work product doctrine, which also appears from time to time on the defendant's privilege log as a basis for the withholding of certain documents. The attorney work product privilege establishes a zone of privacy in which lawyers can analyze and prepare their client's case free from scrutiny or interference by an adversary. It protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case. *Sandra T.E*, 600 F.3d at 618; *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir.2006); *Slaven v. Great American Ins. Co.*, *supra*. The core of attorney work product consists of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ.P. 26(b)(3)(B). Materials containing this information "are out of bounds...." *Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir.2006). *See generally Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 734 (N.D. Ill. 2014). *See generally* the discussion in *Slaven v. Great American Ins. Co.*, *supra*.

Underlying the doctrine is the deeply held view that the opposing party "shouldn't be allowed

to take a free ride on the other party's research, or get the inside dope on that party's strategy, or ... invite the [trier of fact] to treat candid internal assessments of a party's legal vulnerabilities as admissions of guilt." *Menasha Corp. v. U.S. Dept. of Justice*, 707 F.3d 846, 847 (7th Cir.2013). Justice Jackson's inimitable phrasing has yet to be improved on: "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 516 (1947)(Jackson, J., concurring).

Some cases contain language that the burden is on the party claiming protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." *In re Professionals Direct Insurance. Co.*, 578 F.3d 432, 439 (6th Cir.2009). The majority in *United States v. Adlman*, 134 F.3d 1194 (2nd Cir.1998) rejected the "primarily to assist in litigation test," in favor of the "because of" test, explaining that "[i]n addition to the plain language of the Rule, the policies underlying the work-product doctrine suggest strongly that work-product protection should not be denied to a document that analyzes expected litigation merely because it is prepared to assist in a business decision." The majority held that framing the inquiry as whether the primary or exclusive purpose of the document was to assist in litigation "threatens to deny protection to documents that implicate key concerns underlying the work-product doctrine." *Id.* at 1199.

The majority looked to the analysis in the Wright & Miller treatise: whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained "because of" the prospect of litigation. Any other inquiry, the majority held, could unreasonably deny the protection to "dual purpose" documents generated in making the decision whether to enter into a transaction based upon tax litigation concerns, even though such documents could reveal an attorney's litigating strategies and assessment of legal

vulnerabilities —"precisely the type of discovery that the Supreme Court refused to permit in *Hickman*." *Id*. at 1199. The majority concluded. "as most other courts have held," "the 'because of' test [in Wright & Miller] is the proper way to determine whether a document was prepared 'in anticipation of litigation' and thus is eligible for protection under [Rule] 26(b)(3)." This is the formulation employed by the Seventh Circuit in *Binks Mfg. Co. v. National Presto Industries, Inc*., 709 F.2d 1109, 1119 (7th Cir.1983), which held that "'the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *See also Logan v. Commercial Union Insurance. Co.*, 96 F.3d 971, 977 (7th Cir.1996).

While the attorney-client privilege promotes the attorney-client relationship, and, indirectly, the functioning of our legal system, by protecting the confidentiality of certain communications between clients and their attorneys, the work-product doctrine promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1022 (7th Cir.2012); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3rd Cir.1991); *E.E.O.C. v. FAPS, Inc.*, 2012 WL 1656738, 28 (D.N.J.2012).

Because the doctrine serves to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not automatically waive work-product protection. *Westinghouse Elec. Corp.*, 951 F.2d at 1428. *See also Adkins Energy, LLC v. Farmland Mut. Insurance. Co.*, 2009 WL 1259344, 2 (N.D.Ill.2009); *Jumper v. Yellow Corp. et al.*, 176 F.R.D. 282, 287 n. 5 (N.D.Ill.1997). A waiver occurs "when the protected communications are disclosed in a manner that "'substantially increase[s] the opportunity for potential adversaries to obtain the

information.' " *Appleton Papers, Inc.*, 702 F.3d at 1025.

There must be a concrete dispute between parties; the abstract possibility of a hypothetical lawsuit; the "general possibility of litigation" is not enough. A document is prepared in anticipation of litigation when there is "an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Gould Inc. v. Mitsui Mining & Smelting Co.,* 825 F.2d 676, 680 (2nd Cir. 1987). *See Maracich v. Spears*, 570 U.S. 48 (2013). The mere contingency that litigation may result is not determinative. *Baxter Healthcare Corp.*, 438 F.3d 763, 768 (7th Cir. 2006); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996); *Tellabs Operations, Inc. v. Fujitsu, Ltd.*, 283 F.R.D. 374, 688 (N.D.Ill. 2012). The claimed "inevitability" of litigation in the context of an insurance company's business does not always mean that pre-denial activities of a carrier are, in every case, within the meaning of Rule 26(b). *See Lagestee Mulder, Inc. v.* But a reasonable anticipation of litigation will generally suffice even though a formal suit has not yet been filed. *One Place Condominium LLC v. Travelers Property Casualty Co. of America*, 2013 WL 788092 at *4 (N.D.Ill. 2013). The requirement of concreteness cannot be overemphasized.

As the Supreme Court has explained, "the literal language of [Rule 26(b)(3)] protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Federal Trade Commission v. Grolier Inc.*, 462 U.S. 19, 25 (1983). *See also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138 (1975). It is not enough that the materials were prepared by lawyers or represent legal thinking. Much corporate material prepared in law offices or reviewed by lawyers falls in that vast category. It is only work done in anticipation of or for trial that is protected. Even if prepared by lawyers and reflecting legal thinking, "[m]aterials assembled in the

ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by' the doctrine and Fed.R.Civ.P. 26. *United States v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 29–30 (1st Cir. 2009)

As with the attorney client privilege, the burden is on the party seeking to withhold material from discovery on work product grounds to demonstrate by competent evidence and with particularity that the work produced doctrine applies to each document that is claimed to be privileged. *BDO Seidman*, 337 F.3d at 811. Blanket claims of privilege or conclusory assertions are insufficient to carry the burden. Where work product is claimed, the party asserting waiver has the burden to show that a waiver occurred. *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 379 (5th Cir.2010).

It is with the above principles in mind that the defendant's claims of privilege and work product will be decided.

## C.

### A BRIEF EXPLANATION OF THE RULINGS ON DOCUMENTS AND THE NEED NOT TO SQUANDER JUDICIAL RESOURCES

While every document the defendants have submitted for *in camera* inspection has been reviewed – some more than once – due to the volume of materials, a document-by-document explanation will not be provided. The review, it must be said, was surprising in that so many of the documents could not, consistent with the basic and long standing principles articulated by the Seventh Circuit and other courts, be deemed privileged. Illustrative of the often over broad and unfounded claims of privilege is Document PHILCL007107.

It is nothing more than a brief cover email from defendants' attorney stating, in full: "Please

see attached for your files.  Please contact me with any questions.  We hope you have a good weekend." We are told – not in any privilege log, but in a letter dated November 29, 2017 – that this document was withheld based on attorney client privilege. Nowhere in these three sentences is any advice given or any client confidence revealed.  This claim of privilege surely can't be squared with the unbroken line of authority that holds that privilege does not exist merely because a letter emanates from a lawyer to her client. *See* cases cited *supra* at 7-8. These types of letters, many of which simply summarize the status of things, appear to be the plurality of the mass of materials the defendant has submitted for *in camera* inspection while claiming they are privileged.  Unfortunately, this sort of indiscriminate insistence that materials are privileged appears all too often in modern litigation. Many more documents fall into this category and, of course, they will be required to be produced.[5]

Another large portion of the documents the defendant claims to be privileged are nothing more than updates.  An email telling the client a letter was sent, or a meeting was being scheduled, or a response was due from the other side, *see, e.g.,* PHILCL007102, PHILCL007103, PHILCL007104, PHILCL007106, PHILCL007124, PHILCL007130, PHILCL007132, PHILCL007137, PHILCL007145, PHILCL001061, PHILCL001072, etc. are not privileged – unless, of course, we are to abandon the traditional and basic definition of attorney client privilege.  The inescapable fact

---

[5] Perhaps the only viable explanation for defendants having made such overly broad, sweeping, and unfounded claims of privilege is that, as was suggested in court on January 9, 2018, there is concern about waiver.  Generally, "a party that voluntarily discloses part of a conversation covered by the attorney-client privilege waives the privilege as to the portion disclosed and to all other communications relating to the same subject matter."  Appleton Papers, Inc.,, 702 F.3d at 1024.  But disclosure of material that is not covered by the privilege – like "please see attached" and "call if there's a question" aren't privileged in the first place so they can't be the basis of a subject matter waiver if revealed.

is that none of these kinds of materials reveal advice, or strategy, or disclose client confidences.

A number of other documents in this category are said to be privileged although they summarize what occurred in court hearings. So, for example, Document PHILCL001095 says, *inter alia*, that Judge Feinerman has set a discovery schedule, notes the due dates, informs of a status date, and so on. Beyond being mere updates revealing no client confidences or advice, such things are a matter of public record. As for work product, the events are certainly not unknown to opposing counsel, and so, the information does not "enable [plaintiff's counsel] . . . to perform its functions either without wits or on wits borrowed from the adversary." *Hickman*, 329 U.S. at 516 (Jackson, J., concurring). Thus, the "specific assertions of [work product] privilege are [not] reasonably consistent with the purposes for which" the privilege was created. *Appleton Papers, Inc.*, 702 F.3d at 1025. All these types of documents, without question, must be produced.

Finally, there are a fair number of documents that either describe information shared with opposing counsel or information received from opposing counsel. For example, in Document PHILCL007162, defendants' attorney tells her client what she wrote to *opposing counsel* in a letter:

> We have sent a letter to the insured's counsel requesting a scope and estimate of the claimed hail damage and necessary repairs, and indicated that Philadelphia would like to conduct a re-inspection of the property, even if we don't have the scope and estimate in hand. We stated that a re-inspection should be coordinated with the independent adjustor, George Dorsch, and that Towne Place was free to have its own consultant present, too.

Not only does such a document fail to reveal any client confidences or advice, the information is not confidential because it was shared with opposing counsel. A similar example is Document PHILCL007167. It is a cover letter for a letter from plaintiff's counsel which describes the contents of that letter. It's certainly not information gained in confidence from the defendant, and it's

certainly not any secret to the other side. While the sharing of actual confidential information with the other side would clearly constitute a waiver, *see, e.g., United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992); *Appleton Papers, Inc.*, 702 F.3d at 1024, the information revealed in this category of documents was not intended to be confidential in the first place. *Cf. In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000)(information used in preparation of tax return). As with the types of documents already discussed, these materials must be produced.

What is distressing about so many of the claims of privilege in this and like cases, is that the assertions of privilege are made reflexively, without sufficient regard to the long standing definitions of the attorney client and work product privileges. Judges should be on guard not to approve of privilege claims that are hopelessly inconsistent with basic principles and which trivialize the "privileges" that are invoked. Improper and needless assertions of privilege needlessly sap the necessarily limited time of judges, forcing parties with substantial disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard. This is a significant problem on which the Seventh Circuit in other contexts has spoken. *See Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996). These concerns apply equally in a privilege context, where courts have consistently expressed the same underlying frustration. As the court in *Puckett v. Ocwen Loan Servicing, LLC*, 2016 WL 6828609, at *7 (S.D.W.Va. 2016), "gamesmanship must be discouraged so as to avoid the waste of valuable and limited judicial resources. Frankly, there is nothing even remotely close about these matters that are privileged as asserted by Defendant." *See* also *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011).

**D.**

## THE DOCUMENTS

The defendant has submitted to me copies of the large volume of documents on which privilege is being claimed and copies of revised privilege logs that it provided to the plaintiff. Those logs are specific in terms of the privilege that is being claimed. Thus, both attorney client privilege and work product protection claims are not jointly claimed, save in a few instances. That is, most attorney client privilege assertions do not also contend that the document is protected by the work product doctrine. In ruling on the objections, we have, of course, relied solely on the protection claimed, without regard to whether, for example, claimed protection that was not raised might also be applicable to the privilege expressly raised. "A court does a disservice to the system, and to one party when it assists the other party in the presentation of its case. Indeed, the Seventh Circuit has cautioned courts not to go beyond the parties' presentations. *See Hartmann v. Prudential Ins. Co.,* 9 F.3d 1207, 1214 (7th Cir.1993); *Weissman v. Weener,* 12 F.3d 84, 86 (7th Cir.1993). "The benefit of adversarial presentation is a major reason why judges should respond to the parties' arguments rather than going off independently." *Kay v. Board of Educ. of City of Chicago,* 547 F.3d 736, 738 (7th Cir.2008). *See also WWC Holding Co., Inc. v. Sopkin,* 488 F.3d 1262, 1279–1280 (10th Cir.2007) (Gorsuch, J., dissenting).

In ruling on the documents that have been provided to me, I have ruled only on those highlighted portions which contained yellow highlighting. It was my understanding that if a document contained only portions highlighted in yellow, the non-highlighted portions had been disclosed and only the highlighted portions had not been. Where a document contained both highlighted and regular type, it was my understanding that no privilege was being claimed as to the non-highlighted information. Where the document contained no underlining, it was my

understanding that the entire document had been withheld under a claim of privilege.

## 1.

## DOCUMENTS WITH BATES NUMBERS BEGINNING WITH THE LETTERS, ICS

**000555-557:** The highlighted portion is privileged.

**001899**: The first paragraph beginning with the word, "Discussed"is not privileged. The second paragraph beginning with the words, I hope" is not privileged. The third paragraph, beginning with the words, "There is no..." is not privileged except for portion beginning with the words "it would be" and ending with the words " "the claim?"which is privileged. The last sentence of the document is privileged.

**001900**: The highlighted portion is not privileged.

**001901**: This is a duplicate of 001899.

## 2.

## DOCUMENTS   BEGINNING WITH THE LETTERS, PHILCL

**In ruling on the specific documents, we are only ruling on the entries that are highlighted by counsel in yellow before the materials were submitted for *in camera* review. This will apply to all the materials submitted regardless of the beginning prefix, i.e. PHILCL.**

**000009-10**: Not privileged.

**000011**: Privileged and pertains to reserves.

**000034**: Not producible. Pertains to reserves.

**000035-36**: Not privileged.

**000037**: Not privileged.

**000038-39**: Not privileged.

**000040**: Not privileged

**000041-42**: Not privileged.

**000044**: Not producible-reserves

**000046**: Not producible-reserves

**000047-48**: Not producible-reserves

**000056**: Not privileged

**000058**: Not privileged

**000191:** is not privileged.

**000192:** the first, third, and sixth blocks are privileged;

**000193**: the fifth and eight blocks are not privileged, the remainder that is highlighted is privileged;

**000194**: the first highlighted entry is not privileged, the succeeding two are privileged;

**000195:** the highlighted entries are privileged;

**000196:** the top entry is privileged;

**000197:** the three highlighted entries are privileged;

**000198:** the first highlighted entry is privileged, the other is not;

**000199:** the highlighted entry is privileged;

**000200:** the second highlighted entry (9/3/2014) is privileged, the remainder are not.

**000201 - 000202** - the entries relate to reserves and are not producible;

**000400 - 402** - are not privileged;

**000403** - is producible except for the entries under description many of which are arguably

privileged (although they would provide no information of any value);

**000887**:  The second, fourth and fifth paragraphs are privileged.

**000888:**  is privileged.

**000889:** is privileged.

**000890:** not privileged.

**000891-893:** Privileged.

**000894:**  Privileged.

**000895:** Not privileged.

**000896-897:** Not privileged.

**000898:**  Not privileged**.**

**000899:**  Not privileged.

**000900-901:** Privileged**.**

**000902:**  Not privileged.

**000934:**  Not privileged.

**000941:**  Not privileged.

**000942-943:**  Not privileged.

**000951:**  Not privileged.

**000952:**  Privileged.

**000955-956:**  Not privileged.

**000965:**  Not privileged.

**000966-967:** Not privileged.

**000972-973:** Not privileged.

**000993-994:** Not privileged.

**000995:** The second and fourth paragraphs are privileged. The remainder is not.

**000996:** Not privileged.

**000997**: Not privileged.

**000998:** Not privileged.

**001002:** Not privileged.

**001003:** Paragraphs 1 through 4 are not privileged, paragraph 5 is privileged.

**001005 -** Privileged.

**001006:** Not privileged.

**001007-1008:** The email of July 1, 2016 is privileged, the email of June 20th is not except for paragraph 5 which is privileged.

**001009:** Not privileged

**001010:** Not privileged.

**001011:** Not privileged.

**001012:** Not privileged.

**001013:** Not privileged.

**001021-1022:** Not privileged.

**001023:** Privileged.

**001024-1025:** Not privileged.

**001026:** Not privileged.

**001027-1029:** Privileged.

**001030-1031:** Privileged.

**001032-1033:** Not privileged.

**001034:** Not privileged.

**001035:** Not privileged.

**001036-1037:** Privileged.

**001044:** Privileged.

**001054:** Privileged.

**001055:** Privileged.

**001056-1057:** Privileged.

**001058-1060:** Not privileged.

**001061:** Not privileged.

**001062:** Not privileged.

**001063:** Not privileged.

**001067-1068:** Not privileged.

**001069-1070:** Not privileged.

**001071:** Not privileged.

**001072:** Not privileged.

**001073:** Not privileged.

**001074:** Not privileged.

**001075-1077:** If the letter was sent it's not privileged.

**001095-1104: Claim summary/note reports - 5/10/17 -** The part of the notes that states what occurred in court is not privileged. The paragraph on 1095 beginning with "there Judge Feinerman..." is privileged. Any portions that simply state what occurred in court are not privileged.

Any portion that opines on meaning of cases referred to in the notes or that states that advice was given to the client are privileged. The block on the bottom of 1096 is not privileged. The remainder of the entries are privileged.

**001105-1108:** The highlighted materials need not be produced.

**001096-1107:** Letter to Andrew Plunkett - Feb. 2017, if sent, is not privileged. If the letter were altered and the Feb. 2017 letter is a draft to be reviewed by counsel, it is not privileged.

**001114:** Not privileged.

**001115:** Same document as 1114.

**001116:** Not privileged.

**001120:** Two separate documents bear the number 1120 and neither is privilege.

**001124:** Not privileged.

**001125:** Not privileged.

**001126:** Privileged.

**001284-1285:** Apparently deal with reserves and need not be produced.

**001293:** The highlighted portion is privileged.

**001294:** Not Privileged.

**001295 -1296:** The highlighted portions are privileged**.**

**001304-1309:** Privileged.

**001310-1313:** Privileged.

**001444:** Privileged.

**001495-1496:** Privileged.

**001497:** Privileged.

**001498:** Not privileged.

**001499:** Not privileged.

**001502-1505:** Privileged.

**001506:** Not privileged.

**001511:** Not privileged.

**001512 - 1513:** Refers to reserves and need not be produced.

**001514-1515:** Privileged.

**001516 -1517:** Same document as previous.

**001518-1519:** Not privileged.

**001546-1547:** Not privileged.

**001550:** Not privileged.

**001563:** Refers to reserves and need not be produced.

**001564-1565:** Not privileged.

**001566:** The same as 1564.

**001567-0569:** Not privileged.

**001570:** The highlighted portion is privileged.

**001571:** Not privileged.

**001572-1573:** The highlighted portions relate to reserves and need not be produced.

**001575:** Same ruling as above.

**001576-1577:** The highlighted portions relate to reserves and need not be produced.

**001585:** Same as 1518. Not privileged.

**001587:** Not privileged.

**001718-1738:** The lengthy notes are something of a mixed bag. General notes that track the progress and events of a case are not privileged such as the note on No. 1718. The note at the top of 1721 is protected as is the third note on 1722 and the third and fifth notes on 1724 and the sixth note on 1725 which are privileged. The fourth, fifth, sixth and eighth notes on 1726 are privileged as is the fourth note on 1727. The fifth and sixth notes on 1728 are privileged. The last note on 1729 is privileged. The second note on 1733 is privileged, as is the second note on 1735. The fourth, fifth, sixth and tenth notes on 1737 are privileged and the second, third, fourth and fifth notes on 1738 are privileged. Any reference or discussion of reserves need not be produced.

**002341-2342**: Not privileged.

**002355-2356**: Not privileged.

**004276-4279**: The highlighted portion of 4278 is not privileged.

**004280**: Not privileged.

**005897-6009**: Privileged.

**006014**: Not privileged.

**006020-6022**: Privileged.

**006297-6309**: Relate to reserves and need not be produced.

**006310-6312**: Relate to reserves.

**006318-6319**: The highlighted portions relate to reserves.

**006320-6324**: Seem to relate to reserves and need not be produced. Plus, at least in this case at this juncture, how much is being paid out by the client to its counsel or others is utterly irrelevant.

**006388-6389**: Same as ruling above.

**006391-6392**: Not privileged.

**006412**: Not privileged.

**006413**: Not privileged.

**006414:** Not privileged.

**006415**: Not privileged.

**006416**: Not privileged.

**006417-6418**: Not privileged.

**006419-6429**: Privileged.

**006430**: Privileged.

**006431**:  This is the same document as above.

**006432**: Privileged.

**006433-6434**: Not privileged.

**006435**:  Privileged.

**006436**: Not privileged.

**006485-6486**:  The last two paragraphs on 6485 are privileged. The remainder is not.

**006487-6488**: Not privileged.

**006489**: Not privileged.

**006490**: Not privileged.

**006491**: Privileged.

**006492**: - Not privileged.

**006493-6494**: Not privileged.

**006495**: Not privileged.

**006498-6501**: Privileged.

**006502-6503**:  Not privileged.

**006504**: Not privileged.

**006508-6509:**  Privileged.

**006510-6511:**  Privileged.

**006543-6544:**  Privileged.

**006548-6549:**  Privileged.

**006786:** The last sentences of the email are privileged.

**006787:** Not privileged.

**006788:** Not privileged.

**006802:** Not privileged.

**006803:** Privileged.

**006804:** Not privileged.

**006808-6809:** Privileged.

**006810-6811:** Privileged.

**006812:** The first sentence of the email is not privileged, the remaining sentences are.

**006818-6819:**  The first two paragraphs are not privileged, the remainder of the email is.

**006820-6821:** This is the same as the document above.

**006822-6824:**  The first email is not privileged, the remaining emails are.

**007052:** Not privileged.

**007055:** Not privileged.

**007065:** Not privileged except for the second to the last paragraph.

**007066**:  Not privileged.

**007076:** Not privileged.

**007077-7078:** Not privileged.

**007079:** Not privileged.

**007083-7086:** The email at the top of 7083 is not privileged. The second paragraph on 7083 is privileged. The email on 7084 and 7085 is privileged.

**007087:** Not privileged.

**007088:** Not privileged.

**007089-7092:** The letter is not privileged except for the second to the last paragraph on 7091.

**007096-7097:** The letter on 7096 is not privileged except for the second to the last paragraph beginning with the words "at this point."

**007098-7099:** This is the same as 7096.

**007100-7101:** The letter in 7100-7101 is not privileged.

**007102:** The letter in 7102 is not privileged.

**007103:** Not privileged.

**007104-7105:** Not privileged.

**007106:** Not privileged.

**007107:** Not privileged.

**007112-7119:** Privileged.

**007120-7123:** Privileged.

**007124-7126:** Not privileged.

**007127-7129:** Privileged.

**007130-7131:** Not privileged.

**007132-7133:** Not privileged.

**007137-7138:** Not privileged.

**007139-7142:** Privileged.

**007143:** Not privileged.

**007144:** Not privileged.

**007145:** Not privileged.

**007146:** If the signed document referred to in the email is a Reservation of Rights (ROR) letter that had already been sent to the client, the email is not privileged.

**007149-7152:** Privileged.

**007153:**  Need not be produced.

**007154-7157:** Privileged.

**007158:** The email at the top is not privileged. The second email is privileged.

**007159-60:** Relates to reserves and is not producible.

**007161-7162**: Privileged.

**007163-7164**: Privileged.

**007165-7166:** Privileged.

## DOCUMENTS BEGINNING WITH THE LETTERS, PHILUW

In ruling on the specific documents, we are only ruling on the entries that are highlighted by counsel in yellow before the materials were submitted for *in camera* review. This will apply to all the materials submitted regardless of the beginning prefix, i.e. PHILWU.

**000405:** Relates to reserves and is not producible.

**DOCUMENTS BEGINNING WITH THE LETTERS, SCALA**

**In ruling on the specific documents, we are only ruling on the entries that are highlighted by counsel in yellow before the materials were submitted for *in camera* review. This will apply to all the materials submitted regardless of the beginning prefix, i.e. SCALA.**

**00666-667**: Privileged

**000405**: Material relating to reserves is not producible.

**007153**: Privileged

**007146**: Not producible

**007155-57**: Privileged

## CONCLUSION

The controversy that gave rise to the discovery dispute between the parties over supposedly privileged documents [*see* #38] is hereby resolved as set forth above.

**ENTERED:** _____
               **UNITED STATES MAGISTRATE JUDGE**

**DATE:** 1/11/18