TOWNE PLACE CONDOMINIUM ASSOCIATION,    )
    )
    Plaintiff,    )    17 C 1561
    )
    vs.    )    Judge Gary Feinerman
    )
PHILADELPHIA INDEMNITY INSURANCE    )
COMPANY,    )
    )
    Defendant.    )

### MEMORANDUM OPINION AND ORDER

The court granted summary judgment to Philadelphia Indemnity Insurance Company on the ground that Towne Place Condominium Association did not provide it with adequate notice of the May 20, 2014 storm date, as required by Section E(3)(a)(3) of the insurance policy. Docs. 118-120. Towne Place seeks reconsideration of the court's ruling. Doc. 122.

At the outset, Towne Place argues that Philadelphia Indemnity's initial summary judgment brief invoked only Subsection E(3)(a)(2) of the policy—which required Towne Place to give Philadelphia Indemnity "prompt notice of the 'loss,'" including "a description of the property involved," Doc. 110 at ¶ 12; Doc. 105-6 at 119-120—and that Philadelphia Indemnity did not invoke Section E(3)(a)(3)—which required Towne Place to give Philadelphia Indemnity, "[a]s soon as possible, … a description of how, when and where the 'loss' occurred," *ibid.*—until its summary judgment reply brief. Doc. 123 at 1-2. That argument is meritless. Philadelphia Indemnity's initial brief plainly invoked notice defenses based not only on Section E(3)(a)(2)'s requirement that Towne Place provide it with "prompt notice of the 'loss,'" but also on Section E(3)(a)(3)'s requirement that Towne Place notify it "[a]s soon as possible" of "when … the 'loss' occurred." Doc. 89 at 6 n.6 (arguing that "Towne Place cannot escape the fact that

proving a *date of loss* is a perquisite [sic] to insurance coverage. … *See also, infra*, regarding Philadelphia's 'late notice' defense."); *id*. at 10 (section heading stating "Towne Place's notice to Philadelphia of the May 20, 2014 claimed date of loss was not 'prompt' nor 'as soon as possible'"); *ibid*. ("The policy requires that Towne Place provide 'prompt notice,' and that information regarding 'when … the loss occurred' be provided to Philadelphia 'as soon as possible[.]'"); *ibid*. (quoting Section 3(E)(a)(3) of the policy); *id*. at 11 ("[T]he Policy requires 'prompt' notice of the loss, and, 'as soon as possible,' Towne Place is required to advise Philadelphia 'when' the loss occurred.  There is no dispute that notice of the purported hailstorm of May 20, 2014 was not provided to Philadelphia until December 3, 2015.  This is nineteen (19) months after it allegedly occurred.  That is not 'prompt,' nor was it 'as soon as possible.'").

Thus, when Towne Place prepared its summary judgment opposition brief, it was on more than fair notice that Philadelphia Indemnity was seeking summary judgment based on Towne Place's asserted failure to give proper notice not only under Section E(3)(a)(2), but also and in equal measure under Section E(3)(a)(3).  In fact, Towne Place's opposition brief quoted Section E(3)(a)(3) and argues—in terms drawn directly from that particular subsection—that it did, in fact, "provide, 'as soon as possible,' a 'description' of how and when the damage occurred" and that "[t]here are no facts in the record that Towne Place's discovery of both storm dates was not provided 'as soon as possible.'"  Doc. 103 at 9.  Given all this, it is fatuous for Towne Place to submit that it was sandbagged by Philadelphia's failure to forthrightly press its Section E(3)(a)(3) argument in its initial brief.

Towne Place's reconsideration motion also argues that Section E(3)(a)(3) is not a true notice provision, and therefore that the court erred in deploying the five-factor test and other case law governing notice provisions in analyzing Philadelphia Indemnity's submission that

Towne Place did not comply with Section E(3)(a)(3). Doc. 123 at 3-9. Towne Place did not make that argument in its summary judgment opposition; to the contrary, it followed Philadelphia Indemnity's lead in applying the five-factor test. Doc. 103 at 7-12. Towne Place thus forfeited, if not waived, its argument—made for the first time on reconsideration—that its compliance with Section E(3)(a)(3) cannot be analyzed under the five-factor test or other case law governing notice provisions. *See Gates v. Syrian Arab Republic*, 755 F.3d 568, 578 (7th Cir. 2014) ("[The] plaintiffs made this argument for the first time in their motion for reconsideration of the Illinois district court's turnover order regarding the BCS funds. That was too late to raise a new legal theory that could have been raised earlier in the case. Accordingly the argument is forfeited."), *overruled in other part by Rubin v. Islamic Republic of Iran*, 830 F.3d 470 (7th Cir. 2016); *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment.").

Even putting aside waiver and forfeiture, Section E(3)(a)(3) plainly is a notice provision—it plainly required Towne Place to give Philadelphia Indemnity notice as soon as possible of when the alleged hail damage occurred—and therefore was properly analyzed under the five-factor test and other case law governing notice provisions. Towne Place fails to cite any authority indicating that Section E(3)(a)(3) is something other than a notice provision. Rather, Towne Place's argument seems to be that because Section E(3)(a)(2) is a notice provision, and because Section E(3)(a)(3) is a different subsection and does not use the word "notice," Section E(3)(a)(3) is not a notice provision. Doc. 123 at 3-4. That argument is unpersuasive. A notice provision is a provision that requires the insured to tell the insurer certain things at a certain time. Section E(3)(a)(3) is such a provision, requiring the insured to give the insurer, "[a]s soon

as possible, … a description of how, when and where the 'loss' occurred." The fact that Section E(3)(a)(2) is a notice provision does not preclude Section E(3)(a)(3) from *also* being a notice provision, as an insurance policy can have more than one notice provision. *See Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1249-50 (7th Cir. 1993).

Along the same lines, Towne Place argues that the court erred in rejecting Towne Place's mend-the-hold argument, because even if Philadelphia Indemnity timely raised in its answer a notice defense based on Section E(3)(a)(2), it did not raise a notice defense based on Section E(3)(a)(3) until its summary judgment motion. Doc. 123 at 12-13. That is not what Towne Place argued in its summary judgment opposition brief. Instead, it argued that because Towne Place did not raise a notice defense *prior to litigation*, it could not raise that defense after litigation had begun, Doc. 103 at 7, a position fatally at odds with Seventh Circuit precedent, *see, e.g.*, *Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 614 (7th Cir. 2012). Towne Place's summary judgment brief did not distinguish between Section E(3)(a)(2) and Section E(3)(a)(3)—even though, as previously noted, it was clear from Philadelphia Indemnity's initial summary judgment brief that it was asserting a notice defense based on both subsections—or make any argument that Philadelphia Indemnity forfeited its defense by failing to raise it early enough *in the litigation*. Doc. 103 at 7. Therefore, Towne Place's current mend-the-hold argument, presented for the first time on reconsideration, is forfeited. *See Gates*, 755 F.3d at 578; *Nichols*, 755 F.3d at 600.

Finally, Towne Place argues that the court erroneously granted summary judgment to Philadelphia Indemnity on the issue whether a covered loss occurred on April 12, 2014 based on its holding that Towne Place had forfeited the point by failing to defend the April 12 date in its

opposition brief. Towne Place contends that it adequately contested summary judgment on that issue in other filings and thus did not forfeit the issue. Doc. 123 at 13-14.

First, Towne Place maintains that it pressed the April 12 storm date issue in its "Motion to Bar Expert Opinions of John Scala," "certain portions of" which were "incorporated by reference" in its summary judgment opposition brief. Doc. 123 at 14. But Towne Place does not identify where in its summary judgment brief it incorporated by reference that motion, and the court has found no such incorporation. While Towne Place's summary judgment brief referenced its responses to *Philadelphia's* motions to bar *Towne Place's* experts, Doc. 103 at 1, 4, there is no indication that it incorporated *Towne Place's* own motions to bar *Philadelphia's* experts, including its motion to bar Scala's opinions.

Moreover, Towne Place does not merely contend that the court on summary judgment should have considered an *argument* Towne Place made in its motion to bar Scala. Rather, Towne Place contends that the court should have taken account of the asserted *fact*—mentioned in a single sentence in its motion to bar—that hail fell "less than two miles away from" Towne Place on April 12, Doc. 92 at 3, and also that the court then should have *inferred* from that asserted fact that a reasonable jury could have found that hail fell on Towne Place that day, resulting in a covered loss. That is an exceptionally unreasonable ask on summary judgment. Long-settled law holds that all facts supporting or opposing summary judgment must be set forth in a party's Local Rule 56.1 statements or responses. *See Shaffer v. Am. Med. Ass'n*, 662 F.3d 439, 442 (7th Cir. 2011) (noting that it "is certainly within a district court's prerogative" to decline to consider "any facts that were not contained in the parties' Rule 56.1 statements"); *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (holding that the predecessor to Local Rule 56.1(b)(3) "provides the only acceptable means of … presenting additional facts to

the district court"). It was not the court's job to comb through the parties' voluminous motion in limine filings, Doc. 83-86, 91-92, 97-99, 101, 103, 107-108, 111-112, to cobble together an argument against summary judgment on behalf of a party represented by able counsel. *See Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (holding that the plaintiff forfeited arguments against summary judgment where she merely listed facts "to support her discrimination and retaliation claims, leaving it up to the district court to surmise which facts supported which claim and how those facts operated to defeat summary judgment as to each claim"). It follows that Towne Place did not adequately contents summary judgment on the April 12 storm date issue by presenting facts in its motion to bar one of Philadelphia Indemnity's experts.

Second, Towne Place argues that it adequately opposed summary judgment on the question whether the alleged April 12 storm date caused a covered loss under the policy in its Local Rule 56.1(b)(3)(B) response and Local Rule 56.1(b)(3)(C) statement. As just noted, to avoid forfeiture, a party opposing summary judgment must do more than merely set forth *facts*; rather, she must make an *argument* explaining why the facts warrant the denial of summary judgment. *See Riley*, 909 F.3d at 190. Local Rule 56.1 statements and responses are the vehicle for presenting facts, not legal argument. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) ("Reference to legal arguments to support a denial of a material fact is not contemplated by [Local Rule 56.1]. … [D]istrict courts are not required to wade through improper denials and legal argument in search of a genuinely disputed fact.") (internal quotation marks omitted); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a [Local] Rule 56.1 statement of facts."); *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 739 F.Supp.2d 1063,

1068 (N.D. Ill. 2010) (St. Eve, J.) ("[T]he purpose of [Local Rule 56.1(a)(3)] statements [as well as Local Rule 56.1(b)(3)(B) responses and Local Rule 56.1(b)(3)(C) statements] is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments, and thus the Court will not address the parties' arguments made in their [Local Rule 56.1(a)(3) or 56.1(b)(3)(C)] statements and [Local Rule 56.1(b)(3)(B)] responses.") (citation omitted).

The "Argument" section of Philadelphia Indemnity's initial brief included a section titled, "Towne Place Cannot Prove the Claimed April 12, 2014 'Storm' Date," which maintained that the record did not support the claim, set forth in Towne Place's complaint, that the alleged April 12 storm caused a covered loss under the policy. Doc. 89 at 9-10 (capitalization omitted). If Towne Place wished to be understood to oppose summary judgment on that claim, the best practice would have been to include a section in its opposition brief titled something along the lines of, "The Record Supports Towne Place's Claim That a Covered Loss Occurred on April 12, 2014." Best practices aside, Towne Place at a minimum was obligated to say *somewhere* in its opposition brief *something* along the lines of, "Philadelphia Indemnity is wrong to argue that the record indisputably establishes that an April 12 storm did not damage Towne Place and therefore that no covered loss occurred on that date." But Towne Place did nothing of the sort; instead, its opposition brief argued only that the evidence supported the proposition that it sustained a covered loss due to a hail storm on May 20, 2014. Doc. 103 at 4-6. Given this, the only reasonable reading of Towne Place's opposition brief was that it had abandoned any coverage claim based on the April 12 storm alleged in its complaint. *See Riley*, 909 F.3d at 190.

Even if Towne Place had not forfeited that claim, it would have failed on the merits. The factual assertions to which Towne Place's reconsideration motion refers show only that a witness remembers seeing hail falling on Towne Place's property on April 12. Doc. 123 at 14 (citing

Doc. 105 at p. 9, ¶ 50 and *id*. at p. 12, ¶ 9).  No reasonable jury could infer from the bare fact that there was a hail storm over Towne Place's property on April 12 that the storm caused the damage for which it seeks coverage given that: (1) there are no facts in either party's Local Rule 56.1 statements or responses concerning the size of the hail on April 12 or whether it was large enough to cause the damage; (2) there is no evidence in the summary judgment record that the damage was discovered before July 2014; and (3) there was at least one hail storm between the April 12 storm and the discovery of the damage in July 2014, namely, the one on May 20.  *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 605 (7th Cir. 2016) (holding that witness statements "merely confirm[ing] that workers at the construction site had identified some defective scaffolding pieces" did not show that defective scaffolding caused the plaintiff's injury); *Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 58 (1st Cir. 2011) (holding that evidence that could "support an inference that one tank was hoisted in a less-than-optimal manner" did not allow a reasonable jury to further infer that "the hoisting operation caused the sort of damage of which the plaintiff complains"); *Prosperity Hands, LLC v. State Farm Fire & Cas. Co.*, 2017 WL 435786, at *5 (E.D. Wis. Feb. 1, 2017) ("A jury could not reasonably infer from the mere fact that Anderson observed new damage to the roof and parapet after the storm that the damage was caused by the storm.").

Towne Place's remaining arguments for reconsideration either repeat matters addressed in the court's prior opinion or are so without merit as to require no discussion.

August 16, 2019

_____
United States District Judge